UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AVROHOM POLLAK, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC  and JOHN DOES 1-25,<br><br>Defendants. | Civil Case Number: _____<br><br><u>CIVIL ACTION</u><br><br>CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL |

Plaintiff AVROHOM POLLAK (hereinafter, "Plaintiff"), a New Jersey resident, brings this class action complaint by and through his attorneys, Marcus Law, LLC, against Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC, (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this class action on behalf of a class of New Jersey consumers seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

1

4. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiff is a natural person and a resident of the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. The Defendant is a collection agency with an office located at 120 Corporate Boulevard, Norfolk, Virginia 23502 and a mailing address of PO Box 12903, Norfolk, Virginia 23502.

8. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

10. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

11. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following nationwide consumer class (the "Class"):

    - All New Jersey consumers who received a collection letter from the Defendant

on an obligation owed or allegedly owed to U.S. Bank National Association that contain at least one of the alleged violations arising from Defendant's violation of 15 U.S.C. §1692 *et seq.*.

- The Class period begins one year to the filing of this Action.

12. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

    - Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A** and **Exhibit B** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

    - There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

        a.  Whether Defendant violated various provisions of the FDCPA;

        b.  Whether Plaintiff and the Class have been injured by Defendant's conduct;

        c.  Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to

                be applied in determining such damages and restitution; and

      d.     Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## ALLEGATIONS OF FACT

13. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "12" herein with the same force and effect as if the same were set forth at length herein.

14. Prior to the date of this complaint an obligation was allegedly incurred to U.S. Bank Nation Association. ("U.S. Bank")

15. The U.S. Bank obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

16. The alleged U.S. Bank obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

17. U.S. Bank is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

18. U.S. Bank directly or through an intermediary contracted the Defendant to collect the alleged debt.

19. The Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

20. The Defendant caused to be delivered to the Plaintiff a collection letter dated December 8, 2014 in an attempt to collect the alleged debt. *See* **Exhibit A**.

21. The letter was sent or caused to be sent by persons employed by Defendant.

22. The letter is a "communication" as defined by 15 U.S.C. §1692a(2).

5

23. The Defendant's collection letter stated in part:

> "**Account Transferred to Litigation Department**
> Your account has been transferred to the Litigation Department. At this time, no attorney within the Litigation Department has personally reviewed the particular circumstances of your account."

24. Said statement falsely implies to the least sophisticated consumer that the "price of poker has gone up," when in fact there was no actual difference in the status of the account.

25. Said letter continued to state:

> "**Portfolio Recovery Associates still wants to help resolve this account and avoid potential legal action!**"

26. Defendant's letter further states:

> " **Your first payment must be received in our office no later than 01/05/2015.**
>
> **. . .** Benefits of settling this account by one of the plans as described above:
>
> - Your debt on this account will be resolved
> - All collection activities on this account will cease
> - **You will avoid potential legal action** (emphasis added)
> - If our company is reporting this account to the three major credit reporting agencies, we will request that our company's trade line be updated to reflect that this account is now settled.
>
> Please contact our office no later than **01/05/2015** . . . ."

27. Said statement gave the Plaintiff, a least sophisticated consumer, the impression that if payment is not made by 01/05/2015, that litigation or attorney review would be imminent.

28. Said statement also gave the Plaintiff, a least sophisticated consumer, a false sense of urgency, falsely implying that the settlement offer presented in the letter is a one and only chance to settle that will expire on 01/05/2015.

6

29. The Defendant caused to be delivered to the Plaintiff another collection letter dated January 6, 2015 in an attempt to collect the alleged debt. *See* **Exhibit B**.

30. Said letter stated almost identical statements as stated in their December 8, 2014 letter, that being:

    > "**SECOND NOTICE:  Account Transferred to Litigation Department**
    > Unfortunately, we have not received a response to our recent letter informing you that your account has been transferred to the Litigation Department.  At this time, no attorney within the Litigation Department has personally reviewed the particular circumstances of your account."

    > "**Portfolio Recovery Associates still wants to help resolve this account and avoid potential legal action!**"

    > "Benefits of settling this account by one of the plans as described above:
    >
    > - Your debt on this account will be resolved
    > - All collection activities on this account will cease
    > - **You will avoid potential legal action**
    > - If our company is reporting this account to the three major credit reporting agencies, we will request that our company's trade line be updated to reflect that this account is now settled.

    > However, if you do not resolve this account and legal action is taken against you, a judgment may ultimately be obtained and our local attorney may take any action that is legally available in your state to collect this debt enforce any such judgment against you as permitted by law."

31. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

32. On information and belief, Defendant sent a written communication, in the form annexed hereto as **Exhibit A** and **Exhibit B** to at least 50 natural persons in the State of New Jersey within one year of the date of this Complaint.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

33. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

34. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated section 15 U.S.C. § 1692e, 1692e(3), 1692e(5) and 1692e(10) of the FDCPA.

35. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

36. The Defendant violated said section because the letter deceived the least sophisticated consumer into a belief that the letter came from the litigation department in violation of 15 USC 1692e(3).

37. The Defendant further violated said section by threatening to take action which they had no intention of taking in violation of 15 USC 1692e(5).

38. The Defendant further violated said section by falsely representing that the Plaintiff had a one-time offer to settle the account that would end on 01/05/2015 in violation of 15 USC 1692e(10).

39. The Defendant further violated said section by falsely implying that the "price of poker" had gone up because the account was transferred to a litigation department, when in fact the status of the account was no different in violation of 15 USC 1692e(10).

40. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and Ari Marcus, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: June 15, 2015　　　　　　　　*/s/ Ari H. Marcus*
　　　　　　　　　　　　　　　　　　Ari Marcus, Esq.
　　　　　　　　　　　　　　　　　　MARCUS LAW, LLC
　　　　　　　　　　　　　　　　　　1500 Allaire Avenue, Suite 101
　　　　　　　　　　　　　　　　　　Ocean, New Jersey 07712
　　　　　　　　　　　　　　　　　　(732) 695-3282 telephone
　　　　　　　　　　　　　　　　　　(732) 298-6256 facsimile
　　　　　　　　　　　　　　　　　　ari@marcuslawnj.com
　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: June 15, 2015　　　　　　　　*/s/ Ari H. Marcus*
　　　　　　　　　　　　　　　　　　Ari Marcus, Esq.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Ari H. Marcus, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: June 15, 2015                         */s/ Ari H. Marcus*
                                             Ari Marcus, Esq.