# MARCUS ZELMAN, LLC
## ATTORNEY & COUNSELLOR AT LAW
Tel: (732) 695-3282
Fax: (732) 298-6256
www.MarcusZelman.com

Ari H. Marcus, Esq.
Licensed to Practice in NJ & NY
Ari@MarcusZelman.com

Yitzchak Zelman, Esq.
Licensed to Practice in NJ, NY & CT
Yzelman@MarcusZelman.com

NEW JERSEY OFFICE:
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712

NEW YORK OFFICE:
4 Ridgeway Terrace
Spring Valley, New York 10977

*All Correspondences to NJ Office

November 11, 2016

Honorable U.S. Magistrate Judge Douglas E. Arpert
United States District Court
District of New Jersey
402 East State Street
Trenton, New Jersey
*Via ECF*

Re:     **Bracha Pollak and David Beneli v. Portfolio Recovery Associates**
        **Civil Action No: 3:15-cv-4025-BRM-DEA**

To the Honorable U.S. Magistrate Judge Arpert,

The undersigned represents Bracha Pollak and David Beneli, the named Plaintiffs in this action brought pursuant to the Fair Debt Collection Practices Act (the "FDCPA").  This Letter is respectfully submitted pursuant to Local Rule 37.1, seeking a Conference with this Court so that the Plaintiff may file a Motion to Compel Defendant's discovery responses.  This Letter also respectfully seeks a brief extension of discovery in this complex matter involving two separate class actions that were consolidated into this matter, which has impacted the development of discovery as to both of these classes.  The following summarization of these two cases is necessary, in order to demonstrate the basis for the relief requested in this Letter:

## The *Pollak* Matter:

This matter was originally commenced after Bracha Pollak received a Collection Letter from the Defendant which set forth a settlement offer, but which also included a false implication of litigation should the payment not be received by a certain date.  Mrs. Pollak brought this FDCPA action on behalf of herself and a class of US Bank debtors who received this identical Letter.  An Initial Conference was held in the *Pollak* matter on October 8, 2015.  At that time, the Court ordered that the Defendant should disclose the class size, and whatever limited discovery needed to engage in meaningful settlement discussions over the next month, and that a Status Call would be held on November 24, 2015.  *See,* Docket 19.  On November 24, 2015, this Court then stayed discovery, and set this matter down for a Settlement Conference to be held on February 11, 2016, which was then rescheduled by the Court to March 15, 2016.  *See,* Docket 22.  Mrs. Pollak attended that Conference, which ultimately proved unsuccessful in resolving this matter.

After the Settlement Conference, the parties discussed the discovery process with this Court. Defendant argued that discovery should proceed on a limited basis solely as to the Defendant's liability on Plaintiff's claim, before engaging in costly class-wide discovery.  The Court agreed, and accordingly ordered that the Plaintiff could only serve "limited written discovery requests and a deposition notice, as discussed during the conference with the Court, relative to the alleged violation of Section 1692(e)(5)."  *See,* Docket 24.  The Plaintiff then propounded limited written discovery demands in accordance with this Order, and also took the Defendant's deposition

in Virginia Beach, pursuant to FRCP 30(b)(6).  At the time, the Defendant objected to a number of the Plaintiff's written demands, and refused to respond to those demands, pointing to this Court's Order limiting discovery.  Defendant also objected to the scope of the Plaintiff's deposition topics, and insisted on limiting the deposition to individual liability issues.  The undersigned did not press the issue at that time, since this Court had expressly limited discovery to solely individual liability, making the Defendant's objections valid – at least, until such time as classwide discovery would be allowed.

**The *Beneli* Matter:**

After the parties engaged in written discovery and an out-of-state deposition of the Defendant in the *Pollak* matter, the undersigned's firm filed a new action on behalf of David Beneli.  Mr. Beneli received the same Letter at issue in the *Pollak* matter, but was not encompassed by the class definition.  Mr. Beneli brought his FDCPA action on behalf of himself a class of similarly situated Citibank (as opposed to US Bank) debtors who received this identical Letter. An Initial Conference was then conducted on in the *Beneli* matter on June 20, 2016 before the Honorable Magistrate Judge Lois H. Goodman.  At that time, the Defendant asked to consolidate these two cases.  The undersigned was hesitant to do so, and raised a number of issues, including the status of the *Pollak* matter, and concerns that the ability to obtain discovery in the *Beneli* matter would be prejudiced, as these were separate class actions.  Defendant indicated that it would be amenable into stipulating to the facts of this case, and to that end, the Plaintiff drafted up an extensive Stipulation of facts.  That Stipulation was served on Defendant on July 20, 2016.

Over the next several months, the undersigned followed up the Defendant's numerous times on the status of this Stipulation of Facts.  Emails and calls were made to the Defendant on July 25, August 24, September 12, September 13, September 19, in addition to a number of additional attempts. Finally, on September 30, 2016 – over two months later - the Defendant served its proposed Stipulation, completely refusing to stipulate to the majority of the facts sought by Plaintiff, and submitting its own version of events.

**Status Of Discovery In Both Actions**

On June 23, 2016, the undersigned notified the Court of the *Beneli* class matter, and its pending consolidation with the *Pollak* matter.  *See, Docket 27.*  This Court then consolidated the two cases on August 17, 2016, and set a close of discovery deadline for October 14, 2016.  *See,* Docket 33.  At that time, neither of the parties in this action understood that the Court had impliedly now expanded its prior discovery order from limited discovery in *Pollak* to full blown class-wide discovery in both *Pollak* and *Beneli*.   This understanding was, in fact, expressly stated by the Defendant's counsel in an email to the undersigned:

> Out of an abundance of caution, we are serving the attached discovery on Plaintiffs. After reviewing the Court's Scheduling Order, it states that discovery is to be completed by October 14, 2016. **While we did not understand the Court's Order to require the parties to complete class-related discovery**, we are serving discovery in the event that is what the Court intended. We suggest contacting the Court next week to seek clarification on the applicability of the October 14, 2016 deadline to class-related discovery. If the Court intended that class-related

discovery was to occur after summary judgment, then we would not necessarily need Plaintiffs to respond to the enclosed discovery until that time frame is set by the Court. We will touch base with you early next week regarding the submission of a joint letter to the Court.

*See,* Sept. 2, 2016 Email from Meagan Mihalko, Esq., annexed hereto as Exhibit A.

On October 14, 2016, the Defendant requested, on consent, an extension of the discovery deadlines due to the fact that class discovery was not completed in this action and depositions of the Plaintiffs had not taken place. *See,* Docket 37. This Court then extended the close of discovery until December 1, 2016. *See,* Docket 38. On October 31, 2016, the undersigned served complete discovery responses to Defendant's Interrogatories, Document Demands, and Requests for Admission on behalf of both Mrs. Pollak and Mr. Beneli. At that time, the undersigned realized that although discovery had previously been completed in this action as to individual liability, class discovery was not, because of this Court's prior Order expressly limiting such discovery. The undersigned accordingly served (1) Interrogatories, Requests for Admission and Document Demands on behalf of the *Beneli* class, and (2) a new Deposition Notice on behalf of both Classes. Plaintiff further served a Rule 37 Letter on behalf of the *Pollak* class. *See,* Exhibit B. In that Letter, Plaintiff pointed out that while objections to class discovery was originally valid, it was no longer so, considering that the scope of discovery was evidently now no longer limited.

## Plaintiff's LR 37 Letter

In the Plaintiff's Rule 37 Letter, the Plaintiff demanded that the Defendant supplement its responses with regards to discovery demands that the Defendant had previously objected to, on the basis of the limited scope of discovery allowed by this Court. Specifically, the Plaintiff requested a fuller response to Interrogatory 4, which requested that Defendant "identify the date and nature of all documents and information Defendant received from U.S. Bank National Association regarding the Plaintiff's allegedly delinquent account with U.S. Bank". *See,* Exhibit C. Rather than complying with this Interrogatory Defendant merely agreed to produce the "load data" it received from US Bank, without identifying what other information it had obtained from that entity. *See,* Exhibit D.

Plaintiff further demanded supplemental responses to Interrogatory 21, and Document Demands 9-11. Interrogatories 11-13 had asked the Defendant a series of questions designed at identifying the outer parameters of the consumers who would be encompassed by the putative class. *See,* Exhibit C. Interrogatory 21 then asks that the Defendant set forth the name, address and telephone number of each consumer referenced by Defendant's response to the preceding Interrogatories. In the same vein, Document Demands 9-11 sought a list of the consumers that were identified in response to Interrogatories 11-13. *See, id.* Defendant had originally objected to these demands and Interrogatories on the basis that it exceeded the scope of the parameters of discovery set forth in the Court's March 16, 2016 Order. *See,* Exhibit D. As pointed out in Plaintiff's Rule 37 Letter, that objection was no longer valid.

On November 9, 2016, the Defendant served a response to the Plaintiff's Rule 37 Letter. *See,* Exhibit E. On November 11, 2016, the parties then engaged in a telephone call to discuss the issues raised in Plaintiff's Rule 37 Letter and Defendant's Response. In sum, Defendant refused

to supplement its demands, arguing that the Plaintiff was essentially seeking a 'class list' and that "such class lists are generally not discoverable in their own right prior to class certification." *See,* Exhibit E.   In support of its position, the Defendant cited the Supreme Court's holding in *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 354 (1978).   However, the *Oppenheimer* decision actually supports Plaintiff's position that the sought information is discoverable, where the Plaintiff needs this information to demonstrate that a class is ascertainable in this matter.

In *Oppenheimer,* the plaintiffs sought the names and addresses of the putative class members so that "send the class notice, and not for any other purpose." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. at 353.   The Supreme Court accordingly ruled that such information was not yet discoverable under Rule 26, because "Respondents' attempt to obtain the class members' names and addresses cannot be forced into the concept of 'relevancy' described above. The difficulty is that respondents do not seek this information for any bearing that it might have on issues in the case." *Id.,* at 352.   The Supreme Court expressly noted that discovery is not limited to the merits of a case, "for a variety of fact-oriented issues may arise during litigation that are not related to the merits." *Id.,* at 351.  *See also, id.,* at fn 13 (noting that "discovery often has been used to illuminate issues upon which a district court must pass in deciding whether a suit should proceed as a class action under Rule 23, such as numerosity, common questions, and adequacy of representation"). Finally, the Supreme Court expressly clarified that "We do not hold that class members' names and addresses never can be obtained under the discovery rules. There may be instances where this information could be relevant to issues that arise under Rule 23, see n. 13, *supra*, or where a party has reason to believe that communication with some members of the class could yield information bearing on these or other issues." *Id.,* at fn 20.  An example of this is seen in *Youngblood v. Family Dollar Stores, Inc.*, where the district court analyzed *Oppenheimer,* but still compelled disclosure of the class list so that the Rule 23 issue of commonality could be established, noting that "In this case, Plaintiffs clearly will not be able to prove the similarity in class members' 'actual duties' without contacting members of the putative class." *Id.*, 2011 WL 1742109, at *2 (S.D.N.Y. Jan. 5, 2011).

The *Oppenheimer* decision accordingly fully supports the Plaintiff's position that the sought class information is discoverable.  In this action, the Plaintiffs are required to establish that they are 'consumers' under the FDCPA.  As the putative class is comprised of individuals who all allegedly incurred their debts on credit cards, some discovery is necessary to establish that a class of 'consumers' are ascertainable, as required by Rule 23.  It is anticipated that Defendant will attempt to defeat the Plaintiff's Rule 23 Motion for Class Certification by arguing that Plaintiff is unable to ascertain whether a particular credit card debt was incurred for business purposes or personal purposes.  Plaintiff is therefore seeking this list of consumers, so that the ascertainability of this class can be demonstrated.  As laid out in Plaintiff's Rule 37 Letter:

> Plaintiff now needs this list in order to identify and ascertain the potential class members.  Plaintiff intends to review this list, subpoena US Bank and Citibank for records pertaining to these class members, and to eliminate putative class members who list a business name – rather than an individual's name – from the ultimate proposed class.
> *See,* Exhibit B.

The caselaw developed on this subject suggests that the Plaintiff's proposed plan of action would sufficiently address the ascertainability requirement of Rule 23. In *Gold v. Midland Credit Mgmt., Inc.*, 306 F.R.D. 623 (N.D. Cal. 2014), the district court certified an FDCPA class comprised of HSBC credit card debtors, where the Plaintiff submitted that ascertainability would be demonstrated by (1) "consulting the creditor's records or information to determine whether the credit card was issued to an individual or business name" (2) "by asking purported class members a single question to determine whether they are entitled to relief," and (3) "a review of HSBC's records for the nature of the individual's purchases." *Id.*, at 628–29. Similarly, in *Jenkins v. Pech*, No. 8:14CV41, 2015 WL 3658261 (D. Neb. June 12, 2015), a class of credit card debtors was certified where the Plaintiff established ascertainability, asserting that "Jenkins will first begin with identifying prospective class members using the defendants' records. For example, if the applicant is a business, which the defendants' records would show, the applicant would be excluded. …Additionally, as the defendants admit, to the extent it possesses account statements, such records of the original creditors, ... would show how and why the class members incurred their debts. …. If further identification is needed, Jenkins can identify class members through use of a court-approved notice and claim form." *Id.*, at \*13.

It is therefore respectfully submitted that the Plaintiff is entitled to the class information sought in Interrogatory 21 and Document Demands 11-13. Pursuant to Local Rule 37.1(a)(1), it is requested that the Plaintiff be permitted to submit a formal Rule 37 Motion to Compel Defendant's discovery responses. Plaintiff has done absolutely everything in its power to obtain responses to its demands, to no avail. It is respectfully submitted that formal motion practice is the only method to obtaining Defendant's compliance with its discovery obligations. Plaintiff intends to seek an award of attorney's fees and costs in that application, in light of the repeated efforts the undersigned expended to obtain this discovery from the Defendant in this action.

It is further respectfully requested that discovery be extended by an additional sixty days in this matter. The Plaintiff diligently and timely completed limited individual discovery in this action, as originally ordered by this Court. However, a fair amount of confusion was created in this action by Defendant's inconsistent desired course of action. To wit, Defendant first sought to (1) limit discovery to non-class issues, then (2) consolidate a class action which had already completed individual discovery, with one that had not even begun any discovery, and then (3) completely reversed its position in a 180-degree shift, and sought to <u>first</u> proceed to class certification before filing dispositive motions.

Defendant has inexplicably refused to extend the courtesy of consenting to Plaintiff's request for an extension, Plaintiff's first request for any courtesy in this action. This is despite the fact that Plaintiff has acceded to each of the Defendant's requests in this matter, consenting to (1) three separate *pro hac vice* admissions, (2) consolidation, (3) Defendant's request to extend the discovery deadline, and (4) acceding to each of the Defendant's inconsistent positions on the precedence of resolving dispositive issues in this matter before reaching class-wide issues. As set forth, it is respectfully submitted that an extension of discovery is appropriate in this action.

<div style="margin-left:50%">

Respectfully submitted,
*/s/ Yitzchak Zelman*
Yitzchak Zelman, Esq.

</div>

CC: Meagan Mihalko, Esq., Attorney for Defendant.