Ari H. Marcus, Esq.
Licensed to Practice in NJ & NY
Ari@MarcusZelman.com

Yitzchak Zelman, Esq.
Licensed to Practice in NJ, NY & CT
Yzelman@MarcusZelman.com

# MARCUS ZELMAN, LLC
ATTORNEY & COUNSELLOR AT LAW
Tel: (732) 695-3282
Fax: (732) 298-6256
www.MarcusZelman.com

NEW JERSEY OFFICE:
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712

NEW YORK OFFICE:
4 Ridgeway Terrace
Spring Valley, New York 10977

*All Correspondences to NJ Office

October 31, 2016

David N. Anthony, Esq.
Troutman Sanders, LLP
1001 Haxall Point
Richmond, VA 23219
*Via Email and First Class Mail*

Re:   Bracha Pollak and David Beneli v. Portfolio Recovery Associates
      Civil Action No: 3:15-cv-4025-BRM-DEA

Dear Mr. Anthony,

I write in accordance with FRCP 37, in a good faith attempt to resolve issues raised by Defendant's failure to comply with its discovery obligations in the above-referenced action. On March 23, 2016, the undersigned served the Plaintiff's Interrogatories, Document Demands and Requests for Admission in the Pollak matter. On April 22, 2016, Defendant served its responses. However, Defendant refused to respond to the majority of the Plaintiff's discovery demands, asserting that these demands were beyond the limited scope of discovery, as originally ordered by Magistrate Judge Arpert, wherein the parties were to engage in limited discovery as to the dispositive issues in this matter. The Pollak matter was subsequently consolidated with the Beneli matter, in which no discovery had yet been propounded.

When Defendant's discovery responses were originally served, all parties were under the impression that discovery was limited solely to the dispositive issue in this case. This point was succinctly summarized by Ms. Mihalko in her September 2nd email to the undersigned:

> Out of an abundance of caution, we are serving the attached discovery on Plaintiffs. After reviewing the Court's Scheduling Order, it states that discovery is to be completed by October 14, 2016. While we did not understand the Court's Order to require the parties to complete class-related discovery, we are serving discovery in the event that is what the Court intended. We suggest contacting the Court next week to seek clarification on the applicability of the October 14, 2016 deadline to class-related discovery. If the Court intended that class-related discovery was to occur after summary judgment, then we would not necessarily need Plaintiffs to respond to the enclosed discovery until that time frame is set by the Court. We will touch base with you early next week regarding the submission of a joint letter to the Court.

During the October 13, 2016 Telephone Conference, the Defendant raised the issue of 'one-way intervention' caused by proceeding to dispositive motions prior to class certification. The parties then agreed to proceed first to a motion for class certification before summary judgment motions were briefed and filed. However, this change affects Defendant's earlier discovery responses and renders them incomplete.

As set forth at length below, Plaintiff requires supplemental responses to these demands, and will move for a Rule 37 Motion to Compel if complete responses are not provided.

**Interrogatory 4:**      Interrogatory 4 simply requests that Defendant identify the date and nature of all documents and information Defendant received from U.S. Bank National Association regarding the Plaintiff's allegedly delinquent account with U.S. Bank National Association. Defendant objects that objects to this Interrogatory to the extent that it exceeds the scope of the parameters of discovery set forth in the Court's March 16, 2016 Order.  However, as set forth above, that scope has since been expanded, rendering this objection obsolete.

Defendant further objects to this Interrogatory because it seeks information not reasonably calculated to lead to the discovery of admissible evidence.  Defendant instead only produced the 'load data' it received from US Bank.  However, the sought information goes directly to several questions relevant to the Rule 23 analysis, including the sort of information and documentation that Defendant has on its U.S. Bank accounts.  This information and documentation will aid the Plaintiff in identifying and ascertaining the putative members of the class, and is accordingly highly relevant to this putative class action.  Unless a supplemental response is received by Wednesday, November 9, 2016, a Rule 37 Motion will be filed by Plaintiff's counsel.  Plaintiff will further seek an award of the attorney's fees incurred via that application, as provided by FRCP 30(a)(5).

**Interrogatory 21:**      Interrogatories 11-13 ask a series of questions designed at identifying the outer parameters of the consumers who would be encompassed by the putative class.  Interrogatory 21 then asks that the Defendant set forth the name, address and telephone number of each consumer referenced by Defendant's response to the preceding Interrogatories.  In response, Defendant again objects to this Interrogatory to the extent that it exceeds the scope of the parameters of discovery set forth in the Court's March 16, 2016 Order.

While this was a valid objection in April of 2016 when these responses were served, this is no longer the case.  Plaintiff specifically requires this information so that third party subpoenas can be issued to the underlying creditors for these identified consumers.  Plaintiff further requires this information in order to identify, ascertain and limit the number of consumers to be encompassed within the final class.  Unless a supplemental response is received by Wednesday, November 9, 2016, a Rule 37 Motion will be filed by Plaintiff's counsel.  Plaintiff will further seek an award of the attorney's fees incurred via that application, as provided by FRCP 30(a)(5). <u>Plaintiff further demands that PRA's account number and the underlying account number (i.e., the US Bank/Citibank account number) be provided as well.</u>

**Document Demand 9-11:**      Document Demand 9-11 all seek list of New Jersey consumers who may be encompassed by the within class action.

    9.      Document Demand 9 seeks a list of New Jersey consumers to whom the Defendant mailed a Collection Letter during the relevant time period, such as the attached Exhibit A, which stated "Account transferred to Litigation Department" and which included a stated benefit of paying as "You will avoid potential legal action", and which provided a response date by which the offered settlement might be withdrawn.

10.     Document Demand 10 seeks A list of New Jersey consumers
(a) to whom the Defendant mailed a Collection Letter during the relevant time period, such as the attached Exhibit A, which stated "Account transferred to Litigation Department" and which included a stated benefit of paying as "You will avoid potential legal action", and which provided a response date by which the offered settlement might be withdrawn, and
(b) to whom the Defendant subsequently mailed a second Collection Letter during the relevant time period, such as the attached Exhibit B, which again stated "Account transferred to Litigation Department" and which included a stated benefit of paying as "You will avoid potential legal action", and which again provided a response date by which the offered settlement might be withdrawn.

11.     Document Demand 11 seeks A list of New Jersey consumers
(a) to whom the Defendant mailed a Collection Letter during the relevant time period, such as the attached Exhibit A, which stated "Account transferred to Litigation Department" and which included a stated benefit of paying as "You will avoid potential legal action", and which provided a response date by which the offered settlement might be withdrawn, and
(b) whom the Defendant subsequently sued in a collection lawsuit,
(c) without first sending a [sic] a second Collection Letter during the relevant time period, such as the attached Exhibit B, which again stated "Account transferred to Litigation Department" and which included a stated benefit of paying as "You will avoid potential legal action", and which again provided a response date by which the offered settlement might be withdrawn.

Defendant objects to providing any of these lists, again asserting that the sought information exceeds the scope of the parameters of discovery set forth in the March 16, 2016 Order.  That no longer is the case.  Instead, Plaintiff now needs this list in order to identify and ascertain the potential class members.  Plaintiff intends to review this list, subpoena US Bank and Citibank for records pertaining to these class members, and to eliminate putative class members who list a business name – rather than an individual's name – from the ultimate proposed class. Unless a supplemental response is received by Wednesday, November 9, 2016, a Rule 37 Motion will be filed by Plaintiff's counsel.  Plaintiff will further seek an award of the attorney's fees incurred via that application, as provided by FRCP 30(a)(5).

Respectfully submitted,

*s/ Yitzchak Zelman*
Yitzchak Zelman, Esq.

CC:
David Anthony, Esq.
Meaghan Mihalko, Esq.
Attorney for Defendant
*Via Email and First Class Mail*