UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------X
BRACHA POLLAK,                                              Civil No: 3:15-cv-4025-FLW-DEA

                **Plaintiff,**

    -against-

PORTFOLIO RECOVERY ASSOCIATES,
L.L.C. and JOHN DOES 1-25,

                **Defendant.**
-----------------------------------------------------------X

---

### REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT

---

      Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff requests that Defendant produce within the time prescribed by the Rules of Court, the documents herein described and permit Plaintiff to inspect them and copy such of them as they may desire. Plaintiff requests that the documents be made available for this inspection at the office of Plaintiff's Counsel, located at 1500 Allaire Avenue, Suite 101, Ocean, New Jersey 07712, or at such office of the Defendant's as may be the location of any of the documents requested, in normal business hours, with the least possible disruption to the ordinary course of Defendant's duties and responsibilities.

      Plaintiff further requests that this inspection be permitted by Defendant immediately after Defendant's response to this request has been filed, and that Plaintiff be permitted to remove from Defendant's custody such of the documents as they desire to copy, on the understanding that Plaintiff's will be responsible for these documents so long as they are in his possession, that copying will be done at Plaintiff's expense, and that the documents will be promptly returned immediately after copying has been completed.

      This request is intended to cover all documents in possession of the Defendant, or subject to his custody and control, regardless of location.

      As used in this request, the term ''document'' means every writing or record of every type and description that is in the possession, control or custody of Defendant, including but without limitation to, correspondence, memoranda, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, films, voice recordings, reports, surveys; minutes or

statistical compilations, data processing cards or computer records, files, disks, or tapes or print-outs; agreements, communications, state and federal governmental hearings, and reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, reports, notebooks, note charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, motion picture film, brochures, pamphlets, advertisements, circulares, press releases, drafts, letters, any marginal comments appearing on any document, and all other writings.

As used in this request, the term "relevant time period" is the time period from June 15, 2014 to the present.

## **REQUESTS FOR PRODUCTION**

Please produce the following:

1. All documents relating to the Defendant's attempts to collect an outstanding balance from the Plaintiff during the relevant time period.

2. A copy of the pleadings, motions, judgments and any other documents filed in the state court action filed by Defendant against Plaintiff.

3. A copy of any collection letter mailed to the Plaintiff by Defendant during the relevant time period.

4. A complete copy of any insurance policies covering the Defendant for violations of the Fair Debt Collection Practices Act during the relevant time period.

5. All reports, memoranda, internal notes or accounts notes of the Defendant which relate to any conversations, collection attempts or communications had with the Plaintiff during the relevant time period.

6. All licenses, state bonds and registrations of the Defendant to conduct business in this State of New Jersey during the relevant time period.

7. Any written policies, rules or other documents in the Defendant's ownership, possession or control relating to the mailing of Collection Letters such as Exhibit A and Exhibit B, which advise the consumer that the account has been transferred to a litigation department.

8. Any written policies, rules or other documents in the Defendant's ownership, possession or control relating to the considerations or criteria involved in Defendant's decision to institute a collection action on a specific consumer's account.

9. A list of New Jersey consumers

   (a) to whom the Defendant mailed a Collection Letter during the relevant time period, such as the attached Exhibit A, which stated "Account transferred to Litigation Department" and which included a stated benefit of paying as "You will avoid potential legal action", and which provided a response date by which the offered settlement might be withdrawn.

10. A list of New Jersey consumers

    (a) to whom the Defendant mailed a Collection Letter during the relevant time period, such as the attached Exhibit A, which stated "Account transferred to Litigation Department" and which included a stated benefit of paying as "You will avoid potential legal action", and which provided a response date by which the offered settlement might be withdrawn, and

    (b) to whom the Defendant subsequently mailed a second Collection Letter during the relevant time period, such as the attached Exhibit B, which again stated "Account transferred to Litigation Department" and which included a stated benefit of paying as "You will avoid potential legal action", and which again provided a response date by which the offered settlement might be withdrawn.

11. A list of New Jersey consumers

    (a) to whom the Defendant mailed a Collection Letter during the relevant time period, such as the attached Exhibit A, which stated "Account transferred to Litigation Department" and which included a stated benefit of paying as "You will avoid potential legal action", and which provided a response date by which the offered settlement might be withdrawn, and

    (b) whom the Defendant subsequently sued in a collection lawsuit,

    (c) without first sending a a second Collection Letter during the relevant time period, such as the attached Exhibit B, which again stated "Account transferred to Litigation Department" and which included a stated benefit of paying as "You will avoid potential legal action", and which again provided a response date by which the offered settlement might be withdrawn.

12. A copy of the Defendant's tax returns for the years 2012, 2013, 2014 and 2015 if available.

13. A copy of the Defendant's financial statements for the years 2012, 2013, 2014 and 2015 if available.


This Request shall be deemed continuing so as to require further and supplemental production if Plaintiffs obtain additional documents required to be produced herein between the time of the initial production and the time of trial.

Date:   March 22, 2016                     Respectfully submitted,

                                           **MARCUS & ZELMAN, LLC**


                                           By: /s/ Yitzchak Zelman_____
                                           Yitzchak Zelman (YZ5857)
                                           ATTORNEYS FOR PLAINTIFF
                                           1500 Allaire Avenue, Suite 101
                                           Ocean, New Jersey 07712
                                           Phone: (732) 695-3282
                                           Fax:    (732) 298-6256
                                           Email: yzelman@MarcusZelman.com

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------X
BRACHA POLLAK,                                                      Civil No: 3:15-cv-4025-FLW-DEA

                    **Plaintiff,**

       -against-

**PORTFOLIO RECOVERY ASSOCIATES,
L.L.C. and JOHN DOES 1-25,**

                    **Defendant.**
-----------------------------------------------------------X

## PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANT

      Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff, by and through his counsel, Yitzchak Zelman, Esq. propound the following Interrogatories to Defendant PORTFOLIO RECOVERY ASSOCIATES, L.L.C., to be answered within the time provided by the FRCP and the Local Rules of this Court.

### INSTRUCTIONS

      1.     You must answer each interrogatory separately and fully in writing and under oath, unless it is objected to, in which event the reason for the objection must be stated in place of the answer.

      2.     If you object to an interrogatory or request, in whole or in part, but provide an answer without making any waiver of your objection, please so specify that your answer is without any waiver of the objection, and the objection so raised, as well as either (a) all responsive information and documents requested, with said response being so specified, or (b) withholding the information or documents, and specifying that information is being withheld.  If you are withholding documents, please identify them, providing enough information to identify the withheld documents or items for this party and the Court to determine whether the documents or items should be withheld.

      3.     Where knowledge or information of a defendant is requested, this request includes knowledge available to or possessed by the agents, representatives, and attorney of said Defendant, unless privileged.

      4.     Where the name of a person is requested, indicate the full name, home address, business address, e-mail address, and all available telephone numbers of the person.

5.      Each interrogatory and each subpart of each interrogatory must be given a separate response.  Interrogatories or subparts thereof may not be combined even when the response given to the interrogatories and/or their subparts are identical, or substantially similar.  The answer to any interrogatory or subpart thereof may not be supplied by reference to a response to any other interrogatory or subpart thereof, unless the interrogatory or subpart thereof so referred to supplies a complete and accurate response to the individual interrogatory or subpart thereof which is being responded to initially.

6.      If you are unable to provide an accurate answer to an interrogatory, or are uncertain regarding a response to any item, please provide your best estimate of the information requested, specifying that the answer is merely an estimate, and that an accurate response cannot be given by you to the item.

7.      As stated initially in this document, these interrogatories will be deemed to be continuing in nature in order to allow supplemental answers so that your responses to each item remain accurate and complete if you or counsel representing you should obtain any further or different information between the time the answers to these items are made and the time of any trial on the merits.

8.      Any objections to the interrogatories asked of you must be signed by the attorney or the unrepresented party making them, with the status of the person making said objection as represented or as an attorney, or a *pro se* person, so specified.

Definitions and Guidelines

For purposes of these interrogatories, the following definitions and guiding principles should be used, and will be deemed to apply for purposes of interpreting both topics of inquiry and responses thereto:

1.      The term "person", unless otherwise specified", includes the plural as well as the singular, and includes in its meaning any natural person, or artificial or legal entity, including corporations, partnerships, joint ventures, associations, governmental agencies, groups, organizations, and any and every other form of entity cognizable at law.

2.      The term "document" means and includes all written and graphic matter of every kind and description, whether printed or produced by any process or by hand, whether final draft or reproduction, whether in the actual or constructive possession, custody or control of the respondent to a given interrogatory, including any and all written letters, correspondence, memoranda, notes, statements, transcripts, files, charters, articles of incorporation, securities, bonds, stocks, certificates of deposit, evidences of debt, contracts, agreements, licenses, memoranda or notes of telephone or personal conversations, work papers, tapes, charts, reports, books, ledgers, telegrams, sound recordings, books of account, customer account statements, financial statements, catalogs, checks, check stubs, and written statements of witnesses or other persons having knowledge pertaining to the pertinent facts requested or relating to the interrogatory or subpart thereof, whether or not these documents are claimed to be privileged against discovery on any ground.

3. "You" or "your" means the person or entity to which the request or subpoena is directed, as well as his, her, or its agents, representatives, attorneys, experts, insurers, executors, administrators, or anyone acting on behalf of the person or entity, including any and all persons acting in the above-described capacity on behalf or purportedly on behalf of the person or entity to which the request or subpoena is directed.

4. The term "identify" means, when used with reference to an individual person, organization, corporation or association, to state the full name, home and work addresses, e-mail address, home and business telephone numbers, present or last known position and business affiliation and position both in the past and at the time said interrogatory or subpart thereof is being responded to. The term "identify" further means, when used with reference to a document, to state the date it was created, its author, the signatory, if different, the addressee, the recipient of all copies, the type of document (e.g. chart, memorandum, letter, or other written document) and its present or last known custodian.

5. "Describe" means that the person or entity to whom the interrogatory or subpart thereof is directed should state what is requested to be described, including all facts and opinions known and held regarding, relating to, or pertinent to what is requested to be described, and (i) the identity of each person or entity involved or having any knowledge of each fact or opinion that relates to what is so described, (ii) the identity of each document evidencing the answer or response given or relating, referring or pertaining to said subject-matter in any way, and (iii) all relevant or material dates and time periods, specifying the way in which said dates or time periods are pertinent to the subject-matter described.

6. "Net Worth" means the total of all of your assets (stocks, bonds, bank accounts, real estate, property, business receivables, notes receivable, etc.) minus the total of your liabilities (outstanding loans owed, credit card balances, taxes payable, bills payable, etc.).

7. As used in this request, the term "relevant time period" is the time period from June 15, 2014 to the present.

## **INTERROGATORIES**

1. State the name, title, address and job description of each director, partner, shareholder, employee, officer and manager of Defendant who authorized, approved, or was aware of the design, layout and content of the attached December 8, 2014 Collection Letter (Exhibit A) mailed to Plaintiff, which stated "Account transferred to Litigation Department" and which included a stated benefit of paying as "You will avoid potential legal action", and which provided a response date by which the offered settlement might be withdrawn.

2. State the name, title, address and job description of each director, partner, shareholder, employee, officer and manager of Defendant who authorized, approved, or was aware of the design, layout and content of the attached January 6, 2015 Collection Letter (Exhibit B) mailed to Plaintiff, which stated "Account transferred to Litigation Department" and which included a stated benefit of paying as "You will avoid potential legal action", and which provided a response date by which the offered settlement might be withdrawn.

3. State on which date the Defendant purchased Plaintiff's allegedly delinquent account with U.S. Bank National Association.

4. Identify the date and nature of all documents and information Defendant received from U.S. Bank National Association regarding the Plaintiff's allegedly delinquent account with U.S. Bank National Association.

5. Does the Defendant provide FDCPA compliance training to its employees involved in the collection of consumer accounts?

    a. If so, describe the training content, timing and duration.

    b. If so, describe all documents and audio or visual materials used in such training.

    c. If so, identify each person involved in providing such training.

6. Identify all policies and documents in the Defendant's ownership, possession or control which relate to the Defendant's use and mailing of Collection Letters which state "Account transferred to Litigation Department" and which included a stated benefit of paying as "You will avoid potential legal action", and which provided a response date by which the offered settlement might be withdrawn.

7. State the name and address of Defendant's liability insurer for the last three years and the dates of coverage, type, and policy of each liability insurance policy.

8. Identify and describe each claim made under each liability insurance policy in the last two years, including the date of claim, claim number, the subject of the claim, the status of the claim, the resolution of the claim, and any amounts paid under each policy.

9. Identify any notices that you have given Defendant's insurer regarding the Plaintiff's claim.

10. State when Defendant first began its use of Collection Letters similar to Exhibits A and B that stated "Account transferred to Litigation Department" and which included a stated benefit of paying as "You will avoid potential legal action", and which provided a response date by which the offered settlement might be withdrawn.

11. State how many New Jersey consumers were mailed a Collection Letter during the relevant time period, such as the attached Exhibit A, which stated "Account transferred to Litigation Department" and which included a stated benefit of paying as "You will avoid potential legal action", and which provided a response date by which the offered settlement might be withdrawn.

12. Of the consumers identified in response to Interrogatory 11, identify how many of those consumers were (a) subsequently mailed a second Collection Letter, such as the attached Exhibit B, which again stated "Account transferred to Litigation Department" and which included a stated benefit of paying as "You will avoid potential legal action", and which again provided a response date by which the offered settlement might be withdrawn, (b) prior to a collection lawsuit being instituted on that consumer's account.

13. Of the consumers identified in response to Interrogatory 11, identify how many of those consumers were sued by Defendant without the sending of a second Collection Letter such

as the attached Exhibit B, which again stated "Account transferred to Litigation Department" and which included a stated benefit of paying as "You will avoid potential legal action", and which again provided a response date by which the offered settlement might be withdrawn.

14. State the name or names of the individuals at the Defendant who made the decision to mail the attached Exhibit A to the Plaintiff.

15. State the name or names of the individuals at the Defendant who made the decision to mail the attached Exhibit B to the Plaintiff.

16. State the name or names of the individuals at the Defendant who made the decision to institute a collection lawsuit on the Plaintiff's collection account.

17. State the name or names of the individuals at the Defendant who decide when a collection lawsuit should be instituted on a specific collection account.

18. State the Defendant's policies that are involved in making the decision to institute a collection lawsuit on a specific collection account.

19. State the Defendant's policies that are involved in making the decision whether to

(a) institute a collection lawsuit after the first Collection Letter is mailed to a consumer, such as the attached Exhibit A, which stated "Account transferred to Litigation Department" and which included a stated benefit of paying as "You will avoid potential legal action", and which provided a response date by which the offered settlement might be withdrawn; or to

(b) mail a second Collection Letter to that consumer, such as the attached Exhibit B, which again stated "Account transferred to Litigation Department" and which included a stated

benefit of paying as "You will avoid potential legal action", and which provided a response date by which the offered settlement might be withdrawn.

20. State whether the Defendant has any records documenting any contact or communication with the Plaintiff in this matter.

    a.  If so, set forth the date, result and content of that contact or communication.

21. Set forth the name, address and telephone number of each consumer referenced by Defendant's response to the preceding Interrogatories.

22. State the net worth of the Defendant.

23. State the names and addresses of each member of the 'Litigation Department' referenced in the attached Collection Letters, and identify which, if any, of those individuals are attorneys.

24. Identify each document, record, recording and person furnishing information with regard to your response to these preceding Interrogatories.

Date:   March 22, 2016

Respectfully submitted,

**MARCUS & ZELMAN, LLC**

By: /s/ Yitzchak Zelman_____
Yitzchak Zelman (YZ5857)
ATTORNEYS FOR PLAINTIFF
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
Phone: (732) 695-3282
Fax:    (732) 298-6256
Email: yzelman@MarcusZelman.com