DAVID N. ANTHONY
804.697.5410 telephone
804.698.5118 facsimile
david.anthony@troutmansanders.com



TROUTMAN SANDERS LLP
Attorneys at Law
Troutman Sanders Building
1001 Haxall Point
P.O. Box 1122 (23218-1122)
Richmond, Virginia  23219
804.697.1200 telephone
troutmansanders.com

November 9, 2016

VIA EMAIL AND U.S. MAIL

Yitzchak Zelman
Marcus & Zelman, LLC
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712

   Re: Bracha Pollak and David Beneli v. Portfolio Recovery Associates, LLC
     Civil Action No.: 3:15-cv-4025-BRM-DEA

Dear Yitzchak,

  We received your letter dated October 31, 2016 requesting that PRA supplement certain of its discovery responses previously served on April 22, 2016, over six months ago.  As you noted in your letter, PRA's discovery responses were complete in April, having been provided under a prior Scheduling Order limiting the parties to merits discovery (Dkt. No. 24).

  Since that time, PRA has – on its own initiative – supplemented its discovery responses to provide you with additional class information for both the *Pollak* and *Beneli* classes.  Despite PRA's cooperation, your October 31 letter now requests that PRA supplement its responses yet again, this time to Interrogatory Nos. 4 and 21 and Requests for Production Nos. 9, 10 and 11.

  In addition to these belated requests for supplementation, your letter apparently adds an entirely new – and untimely – request for "PRA's account number and the underlying account number (i.e., the US Bank/Citibank account number)."

  First, Interrogatory No. 4 requests PRA to identify the date and nature of all documents and information PRA received from U.S. Bank National Association regarding Plaintiff's allegedly delinquent account.  PRA will review its files to determine whether there are any additional documents responsive to Interrogatory No. 4, and will confirm whether any additional response is necessary.

  With respect to Interrogatory No. 21 and Requests for Production Nos. 9, 10 and 11, Plaintiffs request what amounts to a potential putative class list.  Specifically, in Interrogatory No. 21, Plaintiffs request the name, address and telephone number of each consumer referenced in the information PRA previously provided to Plaintiff about the possible class size.  Request Nos. 9, 10 and 11 seek: (9) a list of New Jersey consumers to whom PRA mailed the LL1

TROUTMAN
SANDERS

Yitzchak Zelman
November 9, 2016
Page 2

Collection Letter; (10) a list of New Jersey consumers who were mailed both the LL1 and LL2 Collection Letters; and (11) a list of New Jersey consumers to whom PRA sent an LL1 Collection Letter and then subsequently sued without first sending an LL2 Collection Letter.

      PRA objects to providing a putative class list prior to certification. As you are aware, such class lists are generally not discoverable in their own right prior to class certification. *See Knutson v. Schwan's Home Serv.*, 2013 U.S. Dist. LEXIS 98735, at *8 (S.D. Cal 2013) ("in *Oppenheimer*, the Supreme Court held that the names and addresses of putative class members were 'not within the scope of legitimate discovery.'") (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 354 (1978)). This is especially true where, as here, PRA has already provided the number of letters sent during the putative Class Period. While the additional step of providing the names and addresses of individuals to whom such letters were sent might be necessary at some future date for notice purposes when – and if – a putative class is certified, *id.*, it is not relevant now. If you have contrary authority, please let us know so we can further discuss this issue.

      Finally, Plaintiffs are not entitled to PRA's account numbers or the underlying US Bank/Citibank account numbers. Even if such information were relevant to Plaintiffs' claims – and it is not – discovery demands such as this may not be raised informally, and for the first time, in the context of a Rule 37 letter. Because the requested information is also unduly burdensome, confidential and not proportional to the needs of the case, PRA will not produce it at this time.

      Finally, as you know, courts generally do not regard a single letter demanding compliance with a discovery request, formal or otherwise, as sufficient to comply with Rule 37's requirement to confer. *See Am. Mech. Solutions, L.L.C. v. Northland Process Piping, Inc.*, 2015 U.S. Dist. LEXIS 178798 (D.N.M. 2015) (collecting cases). *See also Gann v. North-Central Ala. Reg'l Council of Gov'ts*, 2013 U.S. Dist. LEXIS 167610 (N.D. Ala. 2013) ("Plaintiff's act of merely sending a letter demanding compliance with his discovery requests by an arbitrary deadline does not satisfy the meet-and-confer requirement of Rule 37(a)(1)."). If you have any legal authority that would support your positions with respect to the requested information, please share that with us and we can continue to meet and confer on these issues, if necessary.

      We look forward to discussing any concerns you may have regarding the above issues at a mutually agreeable time.

Sincerely,

David N. Anthony

29625348v2