<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BRACHA POLLAK and DAVID BENELI, | |
| Plaintiffs, | Civil Action No. 15-4025-BRM-DEA |
| v. | |
| PORTFOLIO RECOVERY ASSOCIATES, LLC and JOHN DOES 1-25, | **OPINION** |
| Defendants. | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is a Motion for Reconsideration (ECF No. 62) filed by Defendant Portfolio Recovery Associates, LLC ("PRA"), pursuant to Local Civil Rule 7.1 seeking reconsideration of the January 17, 2018 Order and Opinion (ECF Nos. 60 and 61), which denied in part its motion for summary judgment (ECF No. 50). Pursuant to Federal Rule of Civil Procedure 78(b), this Court did not hear oral argument. For the reasons set forth herein, PRA's Motion for Reconsideration is **DENIED**.

**I.    BACKGROUND**

**A.  Facts Relating to Summary Judgment Motion**

The underlying facts are set forth at length in the Court's January 17, 2017 Opinion (ECF No. 60), from which PRA seeks reconsideration. In the interest of judicial economy, the Court refers the parties to that Opinion for a full recitation of the factual background of this dispute.

### B. Procedural History

On June 15, 2015, Pollak filed a putative class action on behalf of herself and all U.S. Bank debtors residing in New Jersey who received LL1 Letters, alleging PRA violated the Fair Debt Collection Practices Act 15 U.S.C. § 1692e et seq. ("FDCPA"). (Compl. (ECF No. 1).) Beneli commenced a separate putative class action on March 9, 2016, on behalf of himself and all Citibank debtors residing in New Jersey who received LL1 Letters, alleging PRA violated the FDCPA. (Dkt. No. 16-1328, ECF No. 1.) On August 22, 2016, the matters were consolidated. (Dkt. No. 15-4025 (ECF No. 33).) On September 2, 2016, Plaintiffs filed a joint Amended Complaint. (Am. Compl. (ECF No. 34).) On April 4, 2017, Plaintiffs and PRA filed motions for summary judgment. (ECF Nos. 50 and 52.) On that same date, Plaintiffs filed a Motion to Certify Class. (ECF No. 51.)

On January 17, 2018, the Court granted in part and denied in part PRA's Motion for Summary Judgement and granted Plaintiffs' Motion to Certify Class. (ECF Nos. 60 and 61.) Specifically, Plaintiffs' and PRA's motions for summary judgment were denied as to the issue of whether the LL1 Letter violated § 1692e(5) and § 1692e(10) by threatening imminent or immediate legal action; Plaintiffs' and PRA's motions for summary judgment as to whether the LL1 Letter violates § 1692e(10) by setting a 30-day deadline to respond was denied; PRA's Motion was granted and Plaintiffs' motion was denied as to the issue of whether PRA violated § 1692e(3) and § 1692e(10) by referencing the "Litigation Department"; and PRA's Motion was granted as to the issue of whether it violated § 1692e(10) by stating the account was transferred to the Litigation Department.

On May 1, 2017, PRA filed a Motion for Reconsideration of the Court's January 17, 2018 Order and Opinion, to reconsider the Court's denials of PRA's Motion for Summary Judgment

and its decision to grant Plaintiffs' Motion to Certify Class. (ECF No. 62.) Plaintiffs oppose the Motion. (ECF No. 64.)

## II. LEGAL STANDARDS

While not expressly authorized by the Federal Rules of Civil Procedure, motions for reconsideration are proper pursuant to this District's Local Civil Rule 7.1(i) if there are "matters or controlling decisions which counsel believes the Judge . . . has overlooked." L.Civ.R. 7.1(i); *Dunn v. Reed Grp., Inc.*, No. 08-1632, 2010 WL 174861, at *1 (D.N.J. Jan 13, 2010).[1] The comments to that Rule make clear, however, that "reconsideration is an extraordinary remedy that is granted 'very sparingly.'" L.Civ.R. 7.1(i) cmt. 6(d) (quoting *Brackett v. Ashcroft*, No. 03-3988, 2003 WL 22303078, *2 (D.N.J. Oct. 7, 2003)). In that regard, the Third Circuit has held the scope of a motion for reconsideration is "extremely limited." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). "Such motions are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* Accordingly, an order or judgment may only be altered or amended if the party seeking reconsideration shows at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest

---

[1] Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure. *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999). Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), or as a motion for relief from judgment or order under Fed. R. Civ. P. 60(b). *Id.* For the same reasons that Plaintiff's motion is denied on the merits under the Local Rule, it is denied under the Federal Rules. *See Holsworth v. Berg*, 322 F. App'x 143, (3d Cir. 2009) (construing motion for reconsideration as the functional equivalent of a Rule 59(e) motion to alter or amend a judgment which requires either "(1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct clear error of law or prevent manifest injustice.").

injustice." *United States ex rel. Schumann v. AstraZeneca Pharms. L.P.*, 769 F.3d 837, 848-49 (3d Cir. 2014). The Third Circuit has defined "new evidence" for purposes of a motion for reconsideration:

> [N]ew evidence, for reconsideration purposes, does not refer to evidence that a party submits to the court after an adverse ruling. Rather, new evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available. Evidence that is not newly discovered, as so defined, cannot provide the basis for a successful motion for reconsideration.

*Blystone*, 664 F.3d at 415-16 (citations omitted). Additionally, a court commits clear error of law "only if the record cannot support the findings that led to the ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (citing *United States v. Grape*, 549 F. 3d 591, 603-04 (3d Cir. 2008)). "Thus, a party must . . . demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.*

In short, "[m]ere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs.*, 2010 WL 3257992, at *6 (quoting *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001)); *see also United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999) ("Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration]."); *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 163 (D.N.J. 1988); *Schiano v. MBNA Corp.*, No. 05-1771, 2006 WL 3831225, at *2 (D.N.J. Dec. 28, 2006) ("Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, . . . and should be dealt with through the normal appellate process . . . .") (citations omitted).

**III.     DECISION**

PRA argues this Court committed two errors in its partial denial of PRA's Motion for Summary Judgment. (ECF No. 62-1 at 3-9, 13-14.) First, PRA argues "[t]he Court's finding that 'PRA did not intend to and was not authorized to file a lawsuit at the time it sent the LL1 Letter' is manifest error." (ECF No. 62-1 at 3 (quoting ECF No. 60 at 27).) PRA further argues this finding violates the First Amendment because "the Court's ruling effectively means PRA cannot inform a consumer that litigation is a possibility without attorney review, even when the consumer's file has been assigned to PRA's Litigation Department." (*Id.* at 9, 12-13.) Second, PRA argues the Court erred in holding, "that the safe harbor language – 'we are not obligated to renew this offer'- was contradicted by references to possible litigation." (*Id.* at 13.) The Court considers these arguments in turn.

In addition, because PRA argues the Court's decision to grant Plaintiffs' Motion to Certify Class was based on the Court's erroneous finding that PRA "did not intend to and was not authorized to file a lawsuit," it argues the Court's approval of Plaintiffs' class was likewise incorrect. (*Id.* at 14.) Lastly, in the alternative, PRA argues the Court should certify the disputed issue of "whether attorney review is mandated for a collector to satisfy the 'intent' and 'authorization' requirements of § 1692e(5) and, if so, whether the Courts application of § 1692e(2) in this case violates the First Amendment." (*Id.* at 15.)

**A. Whether the LL1 Letter Violates § 1692e(5) and/or § 1692e(10) by Threatening Immediate Legal Action**

PRA's entire issue with the Court's Opinion is essentially the Court's finding that "PRA did not intend to a*nd was not authorized* to file a lawsuit at the time it sent the LL1 Letter." (ECF No. 62-1 at 3 (emphasis added) (quoting ECF No. 60 at 27.) PRA argues:

> The Court's legal error is compounded because its finding is factually wrong. There was no limitation – legal, contractual, or otherwise – preventing PRA from filing a lawsuit at any time. Plaintiffs do not – and cannot – allege otherwise. Indeed, the record evidence only shows PRA is authorized to sue after the LL1 Letter, and has done so repeatedly.

(*Id.* at 5.) However, PRA misconstrued the Court's language. The Court was stating PRA did not intend to file suit at the time it sent the LL1 Letter, because the undisputed evidence demonstrated that if PRA's debtors did not respond to the LL1 Letter PRA's Litigation Department automatically sent the LL2 Letter, instead of initiating suit. (ECF No. 50-2 ¶ 14.) As such, the Court will clarify the January 17, 2018 Opinion: by stating "PRA did not intend to a*nd was not authorized* to file a lawsuit at the time it sent the LL1 Letter," the Court merely meant PRA did not intend to file a lawsuit and it was not their practice to file suit at the time it sent the LL1 Letter. The Court did not mean to imply a legal or contractual limitation preventing PRA from filing a lawsuit. PRA very well could have voluntarily chosen to sue at the time of the LL1 Letter, however, the evidence does not show it intend to and it was not its practice to do so.

The record demonstrated the LL2 Letter was always sent prior to initiating a lawsuit if the debtor failed to respond to the LL1 Letter, dispute the amount, or make any payment. (*See* ECF No. 52-9 at 43-46.) Only when the LL2 Letter went unanswered was the account referred to an attorney, who, for the first time, reviewed the file prior to initiating a lawsuit. (ECF No. 50-2 ¶ 16.) Thereafter, a reviewing attorney would determine if the account was appropriate for litigation, and either an attorney employed by PRA or external counsel hired by PRA would file suit. (*Id.* ¶ 18.) Because PRA intended to mail a LL2 Letter prior to commencing the lawsuit, PRA never intended to file suit at the time it mailed the LL1 Letter. As a result, PRA's Motion for Reconsideration as to this issue is **DENIED**. Accordingly, PRA's argument that the Court's holding, "PRA did not intend to and was not authorized to file a lawsuit at the time it sent the LL1

6

Letter," violates the First Amendment is also **DENIED,** since it was based on PRA's misinterpretation of the Court's holding.

PRA contends the Court's finding that PRA intended to mail a LL2 Letter prior to commencing the lawsuit and that PRA never intended to file suit at the time it mailed the LL1 Letter is factually unsound because the Court overlooked facts or law suggesting otherwise. (ECF No. 62-1 at 6-9.) Such argument is not a valid basis for a motion for reconsideration. The term "overlooked" in Local Civil Rule 7.1(i) "has been consistently interpreted as referring only to facts and legal arguments that might have reasonably resulted in a different conclusion had they been considered." *Summerfield v. Equifax*, 264 F.R.D. 133, 145 (D.N.J. 2009); *see also Schiano*, 2016 WL 5340508, at *1 ("[W]hen the assertion is that the Court overlooked something, the Court must have overlooked some dispositive factual or legal matter that was presented to it.") (citing L.Civ.R. 7.1(i)). The Court did not overlook the facts or arguments enumerated in PRA's reconsideration brief. In fact, PRA raised the same arguments in its Motion for Summary Judgment. *Hackensack Riverkeeper, Inc. v. Delaware Ostego Corp.*, 2007 WL 1749963, at *2 (D.N.J. June 15, 2007) (denying motion for reconsideration, noting "the Court [did not] overlook Plaintiffs' claims . . . and the relevant allegations in their Amended Complaint" because "those claims were presented in the Amended Complaint and argued in Plaintiffs' opposition to Defendants' motion to dismiss"). Mere disagreement with the Court's findings based on the facts does not suffice to show that the Court overlooked facts or controlling law. *Compaction Sys. Corp.*, 88 F. Supp. 2d at 345.

Moreover, PRA does not assert: (1) there has been an intervening change in the controlling law; (2) there is new evidence available that was not available when the Court granted Defendants motions for summary judgment, which would have dictated a different ruling; or (3) the January 17, 2018 Opinion contains a clear error of law or fact. *See United States ex rel. Schumann*, 769

7

F.3d at 848-49. Instead, PRA attempts to argue the Court overlooked facts before it. In essence, PRA is attempting to relitigate the issues previously decided in the January 17, 2018 Opinion. This is not a valid basis for a motion for reconsideration. *See Blystone*, 664 F.3d at 415 (expressly forbidding the use of a motion for reconsideration to relitigate a motion).

Accordingly, PRA's Motion for Reconsideration as to whether the LL1 Letter violates § 1692e(5) and/or § 1692e(10) by threatening immediate legal action is **DENIED**.

### B. Whether PRA's Safe Harbor Language Was Not Overshadowed

PRA argues "[t]he Court's finding that the safe harbor language – 'we are not obligated to renew this offer' – was contradicted by references to possible litigation is equally infirm." (ECF No. 62-1 at 13.) PRA makes the same argument it made throughout its summary judgment brief, "Here, there was no false deadline [sic] – the offers in the LL1 Letters expired by their terms, to be replaced by less favorable offers in the LL2 Letters." (*Id.* at 14.)

In essence, PRA is attempting to relitigate the issues previously decided in the January 17, 2018 Opinion. This is not a valid basis for a motion for reconsideration. *See Blystone*, 664 F.3d at 415 (expressly forbidding the use of a motion for reconsideration to relitigate a motion). Again, because PRA does not assert: (1) there has been an intervening change in the controlling law; (2) there is new evidence available that was not available when the Court granted Defendants motions for summary judgment, which would have dictated a different ruling; or (3) the January 17, 2018 Opinion contains a clear error of law or fact, reconsideration as to this issue is **DENIED**. *See Schumann*, 769 F.3d at 848-49.

### C. Class Certification Was Appropriate

PRA argues that because the Court's decision to grant Plaintiffs' Motion to Certify was based on the Court's erroneous finding that PRA "did not intend to and was not authorized to file a lawsuit," certification was likewise incorrect. (ECF No. 62-1 at 14.) Because the Court has clarified that language, PRA's Motion to Reconsider Class Certification is **DENIED**.

### D. Interlocutory Review

PRA seeks permission to file an interlocutory appeal pursuant to 28 U.S.C. § 1292, as to "the question of whether attorney review is mandated for a collector to satisfy the 'intent' and 'authorization' requirements of § 1692e(5) and, if so, whether the Court's application of § 1692e(3) in this case violates the First Amendment." (ECF No. 62-1 at 15.)

Section 1292(b) provides interlocutory appeals of a district court order may be granted when the following three requirements are met: (1) the order involves a controlling question of law; (2) as to which there is substantial ground for difference of opinion; (3) and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). The party moving for certification bears the burden of establishing the requirements under § 1292. *See e.g., Meyers v. Heffernan*, No. 12-2434, 2014 WL 7336792, at *1 (D.N.J. Dec. 22, 2014). Nonetheless, the decision to certify an interlocutory appeal is within the discretion of this Court even if all three statutory elements are met. *Bachowski v. Usery*, 545 F.2d 363, 368 (3d Cir. 1976) (citation omitted). Due to the strong policy against piecemeal litigation, motions for interlocutory appeals should be granted "sparingly." *Kapossy v. McGraw–Hill, Inc.*, 942 F. Supp. 996, 1001 (D.N.J. 1996).

Because the question PRA seeks to certify for interlocutory appeal was based on its misunderstanding of the Court's January 17, 2018 Opinion, and the Court has clarified the Opinion herein, PRA's request is **DENIED**.

## IV. CONCLUSION

For the reasons set forth above, the PRA's Motion for Reconsideration (ECF No. 62) is **DENIED.**

**Date:** June 25, 2018                         */s/ Brian R. Martinotti*
                                                                 **HON. BRIAN R. MARTINOTTI**
                                                                 **UNITED STATES DISTRICT JUDGE**